UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HANERGY THIN FILM POWER AMERICA INC.,

    Plaintiff,

    v.

COLUMBIA SOLAR ENERGY, LLC,

    Defendant.

Case No. 15-cv-05735-RS

**ORDER GRANTING MOTION TO DISMISS**

## I. INTRODUCTION

This action arises from a complex, multi-party transaction, involving the development of a solar electric generating facility in Pittsburg, California. Two of the parties, plaintiff Hanergy Thin Film Power America, Inc., and defendant Columbia Solar Energy, LLC., are now engaged in a payment dispute, with each side asserting contractual claims against the other. In this motion, plaintiff Hanergy seeks dismissal of one of the two breach of contract counts asserted in defendant Columbia's amended counterclaim. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for May 26, 2016 is vacated. Because Columbia has not adequately alleged the basis of its claim, the motion will be granted, with leave to amend.

## II.  BACKGROUND

The parties' descriptions in their pleadings and in the briefing of the underlying transactions leaves much unsaid and/or unexplained.  At least two written contracts, however, appear central to the dispute.  First, in October of 2014, Hanergy and Columbia entered into a "Master Procurement Agreement" ("the MPA"), whereby Hanergy agreed to procure and provide to Columbia certain equipment and services necessary to develop the solar energy facility project.  At the time, Columbia apparently was a subsidiary of Hanergy, or otherwise closely related to it, as the same individual signed the MPA on behalf of both Hanergy and Columbia.

Concurrently with execution of the MPA, another Hanergy-related entity, HGSG-NA Land Power 1, LLC, ("HGSG") entered into a Purchase and Sale Agreement ("the PSA") whereby it agreed to sell Columbia (represented to be its wholly-owned subsidiary) to a third party—PSEG Solar California LLC—upon completion of the project.  In its briefing, Columbia asserts that in this action it is acting "on behalf" of PSEG (its new owner), but neither PSEG nor HGSG—the contracting parties of the PSA—are actually litigants herein.

Hanergy's complaint expressly asserts claims for breach of contract and anticipatory breach of contract under the MPA.  In essence, Hanergy contends Columbia is refusing to pay the contract price for the services Hanergy provided in procuring equipment and services to develop the project.  Columbia, in turn, seems to be arguing on its own behalf and on behalf of its new owner (PSEG) that the project—and therefore Columbia itself—is worth substantially less that PSEG agreed to pay, as the result of failures by Hanergy and/or HGSG to comply with their contractual obligations.  Specifically, in Columbia's view, the project was supposed to be capable of achieving something known as Full Capacity Deliverability Status ("FCDS"), which was relevant to the ability of Columbia (and its new owner, PSEG) to sell power to PG&E under yet another contract.

Columbia's counterclaim is asserted in two counts, both labeled as Breach of Contract.  Hanergy has not challenged the first count in this motion.  The second count asserts, in essence, that because the project cannot currently achieve, and may never achieve FCDS, it is worth

approximately $8 million dollars less than what supposedly was promised by Hanergy and/or HGSG. Hanergy contends the count must be dismissed because Columbia has not identified any contractual provision that was breached, and/or because the MPA contains a provision supposedly precluding any liability for "the Project's failure to reach Commercial Operation (as defined in the Power Purchase Agreement), shutdown[,] or *inability to operate at rated capacity*." (emphasis added).

## III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 652, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id*. The determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id*.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Twombly*, 550 U.S. at 570. "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 550 U.S. at 555 ("threadbare recitals of the elements of the claim for relief, supported by mere conclusory

statements," are not taken as true).

## IV. DISCUSSION

Columbia insists that its second breach of contract count adequately sets out a claim because it "identifies several representations, warranties, and covenants that Hanergy represented were true at the time of closing, but in fact, were not." The problem is that the pleading, and Columbia's briefing conflate the MPA (to which Columbia and Hanergy are parties) with the PSA (to which neither Columbia nor Hanergy are parties). Indeed, Columbia specifically cites to the PSA when providing examples of representations and warranties that Hanergy allegedly breached.

It may be that the various entities and the MPA and the PSA are all so interrelated that Columbia could somehow plead that a breach by HGSG of its obligations to PSEG under the PSA also constitutes a breach by Hanergy of its obligations to Columbia under the MPA. Perhaps Columbia will be able to plead facts and/or a theory under which it is entitled to litigate "on behalf of" PSEG despite PSEG's absence from this proceeding. At this juncture, however, Columbia has not presented a basis for it to claim breaches arising from a contract to which neither it nor Hanergy are party. Furthermore, because Columbia has not clearly pointed to any provisions within the MPA itself that it contends Hanergy breached, the motion to dismiss must be granted.[1]

Hanergy's further contention that Columbia's claim is barred by a limitation of liability provision in the MPA is not suitable for resolution at this point in time. While the potential ambiguities in the intended scope of that provision may or may not ultimately preclude its application in a motion to dismiss, until and unless Columbia can identify alleged breaches of the MPA undertaking an analysis of the provision's potential effect is premature.

---

[1] Hanergy argues that leave to amend should be denied because Columbia previously amended in lieu of opposing Hanergy's first motion to dismiss. It is not yet clear, however, that any amendment would be futile. Accordingly, leave to amend will be granted.

V.  CONCLUSION

The motion to dismiss is granted.  Any amended counterclaim shall be filed within 20 days of the date of this order.

**IT IS SO ORDERED**.

Dated:   May 23, 2016

_____
RICHARD SEEBORG
United States District Judge